# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | 1:04CR501-1 |
| STACY TYREE NICHOLS, ) | |

Defendant Stacy Tyree Nichols, a federal prisoner, has filed a motion to correct a clerical error in the record pursuant to Fed. R. Crim. P. 36 (docket no. 32). In doing so, he relies on the case of *United States v. Powell*, 266 Fed. Appx. 263 (4th Cir. 2008). There, a federal inmate who was sentenced as a career offender based on three previous state convictions showed that a clerical error existed in the state records supporting one of the prior convictions. The state records had incorrectly listed a drug possession offense as being a drug trafficking offense. *Id.* at 265. The Fourth Circuit found that the state court's clerical error had been transferred into the federal record, meaning that the issue could be raised using a Rule 36 motion. It held that relief should be granted. *Id.* at 266.

Defendant contends that his case is similar to *Powell*. He maintains that he was sentenced as an armed career criminal, that one of the predicate offenses used was a breaking and entering conviction in case 95 CRS 5204, and that his conviction in that case was really for possession of stolen goods, rather than breaking and entering. He submits as support for his argument an unidentified document (apparently a part of the state court record) which appears to indicate that

Defendant's conviction was for possession of stolen goods in 95 CRS 5204 and that an associated breaking and entering charge was dismissed in that case.

Unfortunately for Defendant, he is not entitled to relief. A review of his Presentence Investigation Report (PSR) reveals that 95 CRS 5204 was not used as one of the predicate offenses in determining that Defendant was an armed career criminal. The PSR states that Defendant agreed that he was convicted on April 6, 1995, in Durham County, for three breaking and entering offenses committed on December 15, 1994, one breaking and entering committed on December 19, 1994, and one breaking and entering committed on February 10, 1995 (PSR ¶ 2). Paragraph 45 of the PSR then discusses certain of Defendant's convictions, including 95 CRS 5204. It plainly identifies that conviction as one for possession of stolen goods and notes that a breaking and entering charge associated with that case was dismissed. Nevertheless, paragraph 45 also lists cases 95 CRS 6050 and 95 CRS 6052, which are breaking and entering convictions. In fact, they are one of the December 15, 1994 crimes, and the December 19, 1994 crime, which are referred to by paragraph 2 of the PSR. Those cases were consolidated for judgment with 95 CRS 5204.[1]

Defendant may well be confused because the two breaking and entering convictions were consolidated for judgment with 95 CRS 5204 and are listed in

---

[1] All of these convictions are also consistent with the information listed on Defendant's exhibit from the state record.

-2-

Case 1:04-cr-00501-NCT   Document 33   Filed 12/29/08   Page 2 of 3

paragraph 45 of the PSR along with that conviction. Nevertheless, no error occurred in his case. Both Defendant's state court exhibit and the federal record accurately reflect that his conviction in 95 CRS 5204 was for possession of stolen goods and that the breaking and entering charge connected to that case was dropped. That case was not used as one of the predicate offenses for his armed career criminal enhancement. It was the breaking and entering charges in the other cases listed in paragraph 45 that were among the convictions used. Because no clerical error occurred, Defendant's motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to correct a clerical error pursuant to Fed. R. Crim. P. 36 (docket no. 32) be **DENIED**.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
December 29, 2008